UNITED STATES of America

v.

Gary GOLDEN, Appellant.

No. 88–3056.

United States Court of Appeals,
Third Circuit.

Argued June 20, 1988.

Decided Aug. 22, 1988.

John L. Doherty (argued), Manifesto, Doherty & Donahoe, P.C., Pittsburgh, Pa., for appellant.

J. Alan Johnson, U.S. Atty., Paul J. Brysh (argued), Asst. U.S. Atty., Pittsburgh, Pa., for appellee.

Before GIBBONS, Chief Judge, and HIGGINBOTHAM and HUNTER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Chief Judge:

Gary Golden is a federal prisoner serving a twenty-nine year sentence. The judgment of sentence was affirmed by this court, and certiorari was denied on November 13, 1984. A motion for reduction of sentence was filed on his behalf by assigned trial counsel on June 13, 1985. Because it was filed more than 120 days after the Supreme Court denied certiorari on Golden's direct appeal, this Fed.R.Crim.P. 35 motion was denied as untimely on August 9, 1985. Thereafter Golden, represented by new counsel, filed a motion to set aside or correct his sentence on the ground of ineffective assistance of counsel. His moving papers allege that after all appeals were exhausted, but well within 120 days of the denial of certiorari, he specifically requested and directed his original counsel to make a Rule 35 motion. The request, according to Golden, was made in ample time to permit timely filing, and his original counsel on numerous and diverse occasions assured Golden that the motion would be filed in a timely fashion. It was not, and when it was denied Golden's original counsel merely advised Golden that it was denied without telling him the basis for that denial. The motion alleges, further, that Golden's original counsel has never advanced any justification for failing to file the requested motion in a timely fashion.

The district court denied the motion without a hearing, reasoning that the failure of

**32**

counsel to file a motion for reduction of sentence does not deprive a defendant of effective assistance of counsel since there is no constitutional right to counsel in a Rule 35 proceeding. This appeal followed. We will reverse and remand for further proceedings.

In the present posture of the case we must accept as true Golden's allegations that he made a timely request to his assigned attorney that a Rule 35 motion be filed; that the attorney assured him it would be timely filed; that the attorney failed to carry out that professional assignment; that the attorney had no legitimate explanation for failing to do so; and that when the untimely motion was denied the attorney failed to inform Golden of the reasons for the denial. Certainly these allegations set forth a claim that an attorney, by abandoning his client, performed in a manner less than that required by the standard of customary skill and knowledge.

The government, in defense of the district court's ruling, characterizes Golden's motion as one pursuant to 28 U.S.C. § 2255 (1982). That section, according to the government, affords relief only from the underlying judgment of sentence. The motion, however, is not so characterized in the moving papers. Golden's complaint is that even though his conviction was affirmed, the abandonment by his attorney deprived him of the significant substantive right to have the sentencing judge exercise the discretion, which Rule 35 confers, to reduce his sentence. While the government may be right about the kinds of relief available under section 2255, *see United States v. Hill*, 826 F.2d 507 (7th Cir.1987), it fails to take into account relief which may be available under the All Writs Act. 28 U.S.C. § 1651 (1982). It is settled that by virtue of the All Writs Act the writ of *coram nobis* is available with respect to judgments in criminal matters in the federal courts. *E.g., United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *United States ex rel. Bogish v. Tees*, 211 F.2d 69 (3d Cir.1954); *Casias v. United States*, 421 F.2d 1233 (10th Cir.1970). Thus the government's argument that a Rule 35 motion is not a critical stage for purposes

of the sixth amendment right to counsel, whatever its merits, is beside the point. The fact remains that, if the allegations of the motion are true, Golden was deprived of a significant right, for which *coram nobis*, if not section 2255, should afford relief.

This court has previously adjudicated a case which is indistinguishable. In *United States v. Ackerman*, 619 F.2d 285 (3d Cir. 1980) (per curiam), a pro se motion alleged that the defendant's attorney had promised in writing to file a timely Rule 35 motion, but forgot to do so until the 120 day time limit expired. Counsel then advised the defendant that he did not file an untimely motion because he thought it would be denied. We remanded with a direction to hold an evidentiary hearing, observing that "[i]f the district court concludes that Ackerman indeed was denied effective assistance of counsel, it should vacate the sentence and reimpose an appropriate sentence, which would thereby afford Ackerman 120 days within which to file a Rule 35 petition to reduce the new sentence." *Id.* at 288. The government criticizes the reliance by the *Ackerman* panel on section 2255, a reliance which is perhaps understandable since even on appeal Ackerman was not represented by counsel. As we note in the previous paragraph, however, there is undoubted authority under section 1651 to afford the relief which the *Ackerman* panel granted. That decision is a binding precedent requiring a remand for a hearing in this virtually identical case.

Alternatively, the government, relying on *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), urges that the motion was properly denied because Golden failed to show prejudice from the ineffective assistance of counsel. Assuming, without deciding, that the prejudice leg of the *Strickland v. Washington* test applies to an ineffective assistance claim which is not a collateral attack on the conviction, we hold that the allegations in Golden's moving papers show sufficient prejudice. They show that he was deprived of the opportunity to have the district court consider, as a matter of discretion, an ex-

traordinarily long sentence of incarceration. The government asserts that "[i]t is inconceivable that the district court would have reduced appellant's sentence had the same motion been filed on time." Appellee's Brief at 11. We hold it to be quite conceivable. We are reinforced in that holding by the fact that the district judge in denying the present motion relied not on any assertion that he would not in any event have granted Rule 35 relief, but on the conclusion that he was legally bound to deny the motion. That ruling was erroneous, not only because it assumed that section 2255 was the only authority for relief, but also because it confused the issue of a constitutional right to counsel with the distinct issue of the standard of performance required of counsel who undertakes representation and induces reliance by the client.

The judgment appealed from will, therefore, be reversed, and the case remanded for a hearing. If Golden's allegations are found to be true, the court should vacate the sentence, reimpose an appropriate sentence, and thereafter afford Golden 120 days within which to file a Rule 35 motion to reduce sentence.