UNITED STATES of America

v.

NINO, Victor.

Appeal of Victor M. NINO.

No. 88–3805.

United States Court of Appeals, Third Circuit.

Submitted May 16, 1989.

Decided June 16, 1989.

Victor M. Nino, Oakdale, pro se.

William C. Carpenter, Jr., U.S. Atty., David C. Weiss, Carolyn T. Greene, Asst. U.S. Attys., Wilmington, for appellee.

Before MANSMANN, HUTCHINSON and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Senior Circuit Judge.

In this case we must decide whether the United States District Court for the District of Delaware abused its discretion by dismissing the habeas corpus petition of petitioner-appellant, Victor Nino, without holding an evidentiary hearing. This habeas corpus petition asserted that petitioner's prison sentence must be vacated because he was deprived of his constitutional right to effective assistance of counsel due to his attorney's failure to file a Fed.R.Crim.P. 35(b) motion for reduction of sentence and/or that petitioner's conviction must be overturned because he was deprived of his constitutional right to effective asistance of counsel due to his attorney's failure to advise him about the deportation consequences of entering a guilty plea. For the reasons that follow, we conclude that the district court did not abuse its discretion and, therefore, we will affirm its judgment.

### I.

On November 28, 1986, petitioner pled guilty in the United States District Court for the District of Delaware to one count of possession of cocaine with intent to distribute. This plea was pursuant to a written agreement, and was apparently motivated in large part by the fact that petitioner was caught by law enforcement officials with twenty-five pounds of cocaine in the car he was driving, and, after being given his *Miranda* warnings, confessed to a Delaware state police corporal and two Drug Enforcement Administration officers his knowledge of the presence of the cocaine in the car and involvement in a scheme to transport it from Miami to New Jersey in return for $4,000. Thereafter, petitioner was sentenced by the district court to, *inter alia*, ten years in prison. Petitioner's conviction was affirmed by this court on direct appeal.

On July 22, 1988, petitioner wrote a letter to the sentencing judge asking for a reduction in his sentence. The judge treated the letter as a Fed.R.Crim.P. 35(b) motion for reduction of sentence and denied it as untimely.[1]

---

1. Petitioner pled guilty to a crime committed prior to November 1, 1987, and hence Fed.R. Crim.P. 35(b) applied as it read prior to its 1984 amendment by Pub.L. 98–473, 98 Stat. 1837, 2015–16 (1984). See *United States v. Heubel,* 864 F.2d 1104, 1108 (3d Cir.1989). Therefore,

On October 24, 1988, petitioner filed a habeas corpus motion to vacate sentence pursuant to 28 U.S.C. § 2255. This motion alleged that petitioner had been deprived of his constitutional right to effective assistance of counsel because his attorney (1) failed to file a timely Rule 35(b) motion for reduction of sentence, and (2) did not advise him about the deportation consequences of pleading guilty. It asserted that if the court found for petitioner on ground (1), his sentence should be vacated, and if the court found for petitioner on ground (2), his conviction should be overturned. This motion was denied on November 8, 1988. No evidentiary hearing was granted.

Petitioner appeals, arguing that the district court erred by denying the motion without an evidentiary hearing.

## II.

### A.

■ 28 U.S.C. § 2255 allows a prisoner to file a habeas corpus motion with the sentencing court alleging that his or her sentence was imposed in violation of the Constitution. If the court finds for the prisoner, it may, *inter alia,* resentence the prisoner in accordance with the Constitution or set the conviction aside, as is appropriate. 28 U.S.C. § 2255. When a prisoner files a habeas corpus motion pursuant to 28 U.S.C. § 2255, the district court is required to grant the prisoner an evidentiary hearing on the matter unless the "motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." *Id.* The decision as to whether the files and records of the case conclusively show that the prisoner is entitled to no relief is within "the sound discretion of the district court." *United States v. Williams,* 615 F.2d 585, 591 (3d Cir.1980).

The Sixth Amendment to the Constitution provides that in criminal prosecutions the accused shall have the right to the assistance of counsel for his defense. The Supreme Court has held that this right entails the right to effective assistance of

the right to file a Rule 35(b) motion was not

counsel. *See McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970). The Supreme Court has also held that in order for a convicted defendant to show that counsel's assistance "was so defective as to require reversal of a conviction or death sentence," the prisoner must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984).

### B.

■ We turn now to petitioner's first argument, which is that his sentence should be vacated because his attorney's failure to file a Rule 35(b) motion for reduction of sentence deprived him of his constitutional right to effective assistance of counsel. This circuit recently left open the question of whether the second *Strickland* prong (the requirement that the prisoner show prejudice) applies to cases which do not seek to overturn a conviction but seek to vacate a sentence, as appellant does here. *United States v. Golden,* 854 F.2d 31, 32 (3d Cir.1988). This court apparently concluded that because the vacation of a sentence is a less extreme remedy than the overturning of a conviction, it was possible that a habeas corpus petitioner might not have to show the second *Strickland* prong.

We now conclude that a habeas petitioner seeking vacation of a sentence does have to show the second *Strickland* prong. We do so because nothing in the language of *Strickland* indicates that the second prong should not apply in cases seeking vacation of a sentence, and the *Strickland* Court applied its two-prong test in a death penalty case (an expansive use of the second prong since errors are impossible to remedy after execution of sentence). Furthermore, the Sixth Amendment right to counsel, from which the right to effective assistance of counsel is derived, states that it

limited to the government.

gives the accused the right to "Assistance of Counsel for his *defence*" in "criminal *prosecutions.*" U.S. Const.Amend. VI (emphasis added). Reading this language, we think that an argument could be made that, if anything, the requirements for showing that ineffective assistance of counsel resulted in a Sixth Amendment violation, as articulated in the two *Strickland* prongs, would be heightened in cases in which a prisoner asserts that his or her sentence must be vacated because his or her counsel's errors *post-conviction* resulted in a longer sentence, as opposed to cases in which a prisoner asserts that his or her conviction must be overturned because counsel's errors *pre-conviction* resulted in a conviction that otherwise might not have occurred.

■ Having concluded that a prisoner who seeks to vacate a sentence must show both *Strickland* prongs, we turn to evaluate petitioner's claim that his counsel's post-conviction failure to file a Fed.R.Crim. P. 35(b) motion violated his right to effective assistance of counsel. We take the first *Strickland* prong, whether counsel's representation fell below an objective standard of reasonableness, first. This circuit has recently concluded that an attorney's failure to file a Rule 35(b) motion for reduction of sentence when the client specifically requests it can constitute deficient representation. *Golden* at 32. The present case is fundamentally distinguishable, however, because petitioner here did not request that his lawyer file such a motion.

Resolution of Rule 35(b) motions is soundly within the discretion of the district court and, since they are almost always addressed to the sentencing judge, it is extremely unlikely that they will be granted absent a showing of some new evidence or change in circumstances. Furthermore, were district courts required to hold a hearing every time a prisoner alleged that his

or her counsel's performance was deficient because he or she failed to file a Rule 35(b) motion, it would further overwhelm the already overburdened justice system.[2] Accordingly, we conclude that there is no general duty on the part of counsel to file a Rule 35(b) motion absent a showing that petitioner specifically requested counsel to do so or a showing of some new evidence or change in circumstance that would make it likely that the motion would be granted. Therefore, unless a habeas corpus petitioner who alleges that he or she has been deprived of his or her constitutional right to effective assistance of counsel because counsel failed to file a Rule 35(b) motion makes a serious allegation that he or she specifically requested counsel to do so, or that had his or her counsel filed such a motion it would have brought new information or a change in circumstance to the attention of the district court, he or she will not be able to satisfy the first *Strickland* prong and is to be conclusively deemed entitled to no relief. Therefore, there will be no requirement under 28 U.S.C. § 2255 that a hearing be held. Since petitioner here made no such allegations, he cannot satisfy the first *Strickland* prong and is conclusively deemed entitled to no relief or hearing. Accordingly, the district court did not abuse its discretion by dismissing his petition as to this claim.

Additionally, even had petitioner satisfied the first *Strickland* prong as to this claim, he could not satisfy the second *Strickland* prong, pursuant to which he must show that there is a reasonable probability that, but for his counsel's alleged deficient representation, there is a reasonable probability that the result of the proceeding would have been different. We hold that it is conclusively clear that it would not have been. This is because the district judge who considered the habeas corpus motion also was the sentencing

---

**2.** Not only would the district courts be required to hold hearings on the habeas corpus motions, but we could anticipate that counsel to many prisoners would respond by filing greater numbers of essentially meritless Rule 35(b) motions. It would also result in other, attendant, costs. For example, as the district court in the present

case noted, were it required to hold a hearing it would result in the expenditure of public funds to transport the defendant from Louisiana to Delaware and his original counsel from Florida to Delaware. *United States v. Nino,* Crim. No. 86–84–MMS (D.Del. Nov. 8, 1988), at 12.

judge to whom any Rule 35(b) motion would have been submitted, and he conclusively stated in his opinion that had a Rule 35(b) motion been submitted to him, he would not have granted it. App. at 27–28.[3] Accordingly, petitioner could not satisfy either *Strickland* prong as to this claim, and we hold that the district court did not abuse its discretion by dismissing it without a hearing.

### C.

■ We now turn to petitioner's second claim, that his conviction should be overturned because his counsel's pre-conviction failure to advise him of the deportation consequences of his guilty plea deprived him of his right to effective assistance of counsel. It is well settled that both *Strickland* prongs apply to this type of claim. *Strickland* 466 U.S. at 687–96, 104 S.Ct. at 2064–69.

We consider the first *Strickland* prong, whether counsel's representation fell below an objective standard of reasonableness, first. Other courts have split on the question of whether counsel's failure to advise a client about the deportation consequences of a guilty plea can constitute deficient representation absent special circumstances, and this circuit has yet to rule on the issue. *Compare United States v. Campbell*, 778 F.2d 764, 768–69 (11th Cir.1985) (counsel's failure to advise defendant of deportation consequences cannot rise to level of constitutionally ineffective assistance, although counsel's affirmative misrepresentation in response to a specific inquiry from the defendant may do so); *United States v. Santelises*, 509 F.2d 703, 704 (2d Cir.1975) (per curiam) (same); *Tafoya v. State*, 500 P.2d 247, 251–52 (Alaska), *cert. denied*, 410 U.S. 945, 93 S.Ct. 1389, 35 L.Ed.2d 611 (1972) (same); *with Edwards v. State*, 393 So.2d 597, 599–600 (Fla.App. 1981) (counsel's failure to advise defendant of deportation consequences can give rise to an ineffective assistance of counsel claim); *People v. Padilla*, 151 Ill.App.2d 297, 104 Ill.Dec. 522, 502 N.E.2d 1182, 1185–86 (1986) (same); *Commonwealth v.*

*Wellington*, 305 Pa.Super. 24, 27–28, 451 A.2d 223, 224–25 (1982) (same).

We need not decide the issue now, however, because we conclude that even if petitioner could make the showing that his counsel's failure to advise him of the deportation consequences of his guilty plea was such that his performance fell below an objective standard of reasonableness, as is required by the first *Strickland* prong, he could not show that there is a reasonable probability that but for his counsel's errors the result of the proceeding would have been different, as is required by the second *Strickland* prong. *Strickland* invited courts to consider the prongs in any order and stated that if it was easier to dispose of an ineffectiveness claim on the second ground, that course should be followed. *Strickland* 466 U.S. at 697, 104 S.Ct. at 2069.

The record here is replete with evidence of petitioner's guilt. Petitioner was caught by law enforcement officials with approximately twenty-five pounds of cocaine in a car he was driving and, after being given *Miranda* warnings, freely discussed his knowledge of the cocaine in the car and his transportation of it from Miami to New Jersey for $4,000 with a Delaware state police corporal and two Drug Enforcement Administration officers. Given these facts, we conclude that even had petitioner been advised of the deportation consequences of his guilty plea, he would have pled guilty anyway or, had he not done so, been found guilty after trial. Accordingly, he cannot show that there is a reasonable probability that but for any error committed by his counsel the outcome of the proceeding would have been different, and he therefore cannot make out a claim of ineffective assistance of counsel under *Strickland*. Therefore, we hold that the district court did not abuse its discretion by dismissing this claim without holding a hearing on the matter.

### III.

In sum, we hold as follows. We conclude that in cases where a habeas petitioner

---

**3.** This case is thus further distinguishable from *Golden* because in *Golden* the trial judge did not specifically say that he would not have granted the motion in any event.

asserts that he or she has been deprived of his or her Sixth Amendment right to effective assistance of counsel, the second *Strickland* prong must be shown both where the petitioner asserts that his or her conviction must be overturned because of errors by his or her counsel pre-conviction, and where the petitioner asserts that his or her sentence must be vacated because of errors by his or her counsel post-conviction. We further conclude that petitioner's claim that his sentence must be vacated because his attorney's failure to file a Fed.R. Crim.P. 35(b) motion for reduction of sentence violated his Sixth Amendment right to effective assistance of counsel must fail as a matter of law because there is no general duty on counsel to file such a motion in the absence of the client's specific request to do so or some new evidence or change in circumstances that makes it likely that such a motion would be granted; and because petitioner could not show that there is a reasonable probability that, had counsel done so, the outcome of the proceeding would have been different. Therefore, we hold that the district court did not abuse its discretion by denying this claim without a hearing. We also conclude that petitioner's claim that his conviction must be overturned because his attorney's failure to inform him of the deportation consequences of his guilty plea subjected him to a deprivation of his constitutional right to effective assistance of counsel must fail as a matter of law because, while we need not decide whether such a failure could constitute deficient representation by counsel, we hold that petitioner could again not demonstrate that there is a reasonable probability that, had his counsel done so, the outcome of the proceedings would have been different. Accordingly, we hold that the district court did not abuse its discretion by denying this claim without a hearing.

The judgment of the district court will be affirmed.