**Ronald D. WEAVER, Appellant,**

v.

**Frederick FRANK; Court of Common Pleas of Franklin County.**

**No. 00–3036.**

United States Court of Appeals, Third Circuit.

Submitted April 18, 2002.

Decided May 15, 2002.

Before NYGAARD and AMBRO, Circuit Judges, and O'NEILL,* District Judge.

## OPINION OF THE COURT

PER CURIAM.

Ronald Weaver, a state inmate incarcerated at the State Correctional Institution at Dallas, Pennsylvania, appeals from an Order of the District Court denying his petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Weaver argues that the District Court 1) erred in not granting the requested relief with respect to claims involving ineffective assistance of counsel, 2) erred in finding that Weaver's unexhausted claims were not reviewable because Weaver failed to demonstrate cause and prejudice or manifest injustice, 3) erred in finding that Weaver was not denied an impartial jury, which was lawfully impaneled, and 4) erred in finding that Weaver was not denied due process and equal protection based on the delay in the resolution

of his case.[1] We cannot agree. Accordingly, we will affirm the Order of the District Court.

## I.

The facts underlying this appeal are well known to the parties. We recount, therefore, only a brief procedural history. On October 23, 1984, Weaver was convicted of rape, involuntary deviate sexual intercourse, corruption of minors, indecent assault, and endangering the welfare of a child. He was subsequently sentenced to a term of imprisonment of ten to forty years. Weaver appealed the judgment of sentence to the Superior Court, which affirmed the judgment but remanded the case for an evidentiary hearing on Weaver's claims of ineffective assistance of appellate counsel. Weaver waived this hearing. Weaver, however, filed a petition under the Post Conviction Hearing Act, 42 Pa.C.S. §§ 9541–9551,[2] where he raised numerous claims. On June 3, 1994, the PCHA court denied his petition in full. Weaver appealed to the Pennsylvania Superior Court, which affirmed the

---

* Honorable Thomas N. O'Neill, Jr., District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. We have throughly reviewed the record in this matter and conclude that Weaver's contentions with respect to issues three and four do not have sufficient merit to warrant further discussion. Accordingly, we will affirm the Order of the District Court with respect to these issues.

2. The Post Conviction Hearing Act was repealed in 1988 and replaced with the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546. Weaver raised the following nine issues in his PCHA petition: 1) his arrest was unlawful, and that insufficient evidence was presented at his preliminary hearing to establish a prima facie case; 2) the jury was not impartial and it was unlawfully impaneled; 3)

he was denied the opportunity to present witnesses in his defense and the opportunity to confront the complainant; 4) the prosecution failed to charge the dates of his alleged offenses with sufficient particularity; 5) the prosecution and the trial judge were guilty of misconduct; 6) that his pre-trial, trial, and appeal counsel were ineffective; 7) the victim and her brother testified falsely and, to procure his conviction, the prosecution knowingly employed their perjured testimony; 8) the sentence imposed by the trial judge was excessive and false information was supplied to the appellate courts to support it; and 9) that he was denied access to the courts, due process, and equal protection of the law, pursuant to a conspiracy among his judges, his prosecutors, and his own attorneys, which was designed to keep him incarcerated.

PCHA court via unpublished Opinion on May 8, 1995. *See* 445 Pa.Super. 633, 664 A.2d 1061 (1995). The Pennsylvania Supreme Court denied allowance of appeal on February 1, 1996. *See* 543 Pa. 703, 670 A.2d 643 (1996).

On September 27, 1996, Weaver filed, *pro se,* a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the District Court for the Middle District of Pennsylvania. On November 22, 1996, the Magistrate Judge recommended that the petition be dismissed for failure to exhaust state court remedies. After remand, the Magistrate filed a second recommendation on January 5, 1998, finding that Weaver failed to exhaust certain state court remedies by failing to fairly present them to the state courts. The Magistrate proposed that the petition be denied for lack of substantive merit.

On October 7, 1998, the District Court ruled that Weaver's unexhausted claims were procedurally defaulted and remanded to the Magistrate Judge so Weaver would have the opportunity to demonstrate cause and prejudice, or a fundamental miscarriage of justice, such that Weaver's unexhausted claims could be considered on the merits. In its third Report and Recommendation, the Magistrate found that Weaver failed to make the requisite showing of cause and prejudice on the defaulted claims, and that the exhausted claims were without merit. Weaver objected to this final Report and Recommendation.

On November 30, 1999, denying the petition, the District Court agreed with the Magistrate's findings and concluded that (1) Weaver's exhausted claims lack merit, and 2) that Weaver failed to show cause and prejudice with respect to his non-exhausted claims, which the District Court nevertheless found to be meritless. This timely appeal followed.

## II.

Weaver first argues that the District Court erred by failing to grant relief with respect to his numerous claims involving ineffective assistance of counsel. We disagree. In *Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999) (en banc), we held that the standard of review applicable to petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d) involved a two-step inquiry. First, we inquire whether the state court decision at issue was contrary to clearly established federal law, as determined by the United States Supreme Court. Second, if the decision was in accord with clearly established federal law, we must determine whether the state court judgment rests upon an objectively unreasonable application of clearly established federal law, again as determined by the United States Supreme Court. *Id.*

The clearly established federal law, with respect to ineffective assistance of counsel claims, was set forth in *Strickland v. Washington,* 466 U.S. 668, 687–96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland,* the Court held that in order to obtain reversal of a conviction on ineffective assistance grounds, a defendant must satisfy both prongs of a two-prong test. First, the defendant must establish that counsel's performance fell below an objective standard of reasonableness. Next, the defendant must establish that there is a reasonable probability that, but for counsel's error, the result would have been different. *See United States v. Nino,* 878 F.2d 101, 103 (3d Cir.1989).

After reviewing the record in its entirety, we cannot say that the PCHA court's decision was contrary to Supreme Court precedent governing Weaver's numerous ineffective assistance claims, nor can we say that the PCHA court's decision result-

ed in an outcome that cannot reasonably be justified. Accordingly, we will affirm the Order of the District Court.

## III.

Next, Weaver argues that the District Court erred in finding that certain issues were procedurally defaulted because they were not presented to the Pennsylvania Supreme Court.[3] In the alternative, Weaver argues that even if the District Court were correct in its procedural default determination, the District Court erred in finding that Weaver failed to demonstrate 1) cause for the default and prejudice resulting from it, or 2) that a manifest injustice has occurred. Again, we disagree.

Weaver does not dispute the District Court's finding that Weaver failed to exhaust certain claims because he failed to raise the claims in his petition for allowance of appeal to the Pennsylvania Supreme Court. Rather, Weaver asserts that a subsequent Rule change by the Pennsylvania Supreme Court should be applied retroactively to his petition.[4] This argument is unavailing in light of our caselaw.

In *Wenger v. Frank*, 266 F.3d 218 (3d Cir.2001), we held that "Order 218 does not apply in cases in which the time to petition for review by the state supreme court expired prior to the date of the order." *Id.* at 226. In the case *sub judice*, there is no question that Weaver failed to include these claims in his petition for allowance of appeal to the Pennsylvania Supreme Court and that the time for filing this petition expired long before the date of Order 218. Therefore, Weaver cannot avail himself of Order 218. As a result, these claims are procedurally defaulted and hence unreviewable absent a showing of cause and prejudice or that a miscarriage of justice would result. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wenger*, 266 F.3d at 223–24.

We have throughly reviewed the record in this case, and we conclude that the District Court correctly found that Weaver has failed to make the requisite showing of cause for his procedural default and prejudice resulting from it. We are also satisfied that a miscarriage of justice has not resulted from the default.

## IV.

For all of the foregoing reasons, we will affirm the Order of the District Court denying Weaver's petition for Writ of Habeas Corpus.

---

**3.** The District Court noted that Weaver's procedurally defaulted claims are claims of 1) unlawful arrest, 2) denial of witnesses, 3) sufficiency of the accusations, 4) prosecutorial misconduct, 5) trial court misconduct, and 6) use of perjured testimony as well as insufficiency of the evidence.

**4.** On May 9, 2000, the Pennsylvania Supreme Court promulgated Order 218, which provides in pertinent part:

[W]e hereby declare that in all appeals from criminal conviction or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance or appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.

*In re: Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000).