

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-25-2006

# USA v. Wilder

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4736

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Wilder" (2006). *2006 Decisions.* Paper 300.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/300

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-4736

UNITED STATES OF AMERICA

v.

GARY KENNETH WILDER, JR.,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: 03-CR-72-13
District Judge: The Honorable Joy Flowers Conti

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 24, 2006

Before: SMITH, FISHER, and COWEN, *Circuit Judges*

(Filed: October 25, 2006)
_____

OPINION
_____

SMITH, *Circuit Judge*:

On November 4, 2003, Gary Wilder pled guilty to two counts of a multi-count

indictment charging him with possession with intent to distribute 100 grams or more of

heroin and carrying a firearm in connection with a drug trafficking offense, pursuant to 21

U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), and 846. On January 23, 2004, Wilder filed a motion to withdraw his guilty pleas on the grounds that they were not knowingly and intelligently made because his counsel had incorrectly advised him that he would not be designated as a career offender. He claimed that he would not have entered the pleas had he known that he would so qualify.

After conducting a hearing on the defendant's motion, United States District Judge Joy Conti denied Wilder's motion to withdraw his guilty plea. Judge Conti applied the three factor test laid out by this court in *United States v. Jones*, 336 F.3d 245 (3d Cir. 2003), and determined that Wilder's claim failed as to the first prong because he did not meaningfully assert his innocence. *See id.* at 252. On the basis of this failure, the District Court ruled that Wilder was precluded from withdrawing his pleas. The District Court reached this decision on the basis of its mistaken understanding that the three factors were mandatory. Wilder filed a timely appeal to this court. We explained that the three factors were not mandatory, and remanded the case for further consideration of the motion to withdraw.

Upon remand, the District Court considered each of the three *Jones* factors, and concluded that, on balance, Wilder had not demonstrated a fair and just reason for withdrawing his pleas. In particular, the Court concluded that the assertion of innocence factor was "compelling and weigh[ed] heavily in the balancing of the factors with respect to withdrawal of defendant's guilty plea because the strength of the evidence concerning

2

defendant's guilt was strong ... and defendant failed to make any meaningful showing that he was innocent." The District Court sentenced Wilder to a term of 236 months. Wilder timely filed this appeal.[1]

Our review of the District Court's denial of the defendant's motion to withdraw his guilty plea is for an abuse of discretion. *See Jones*, 336 F.3d at 252; *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995). As explained in both Federal Rule of Criminal Procedure 11(d) and *United States v. Jones*, a defendant must have a "fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d); *Jones*, 336 F.3d at 252. The three factors that must be considered in evaluating a motion to withdraw the guilty plea are: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Jones*, 336 F.3d at 252; *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992); *United States v. Huff*, 873 F.2d 709, 712 (3d Cir. 1989).

As to the first factor, the defendant's assertion of innocence must be accompanied by some facts to support the claimed defense, and the defendant must supply sufficient reasons to explain the contradictory positions taken before the District Court. *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001). A bald assertion of innocence is patently insufficient to meet this requirement. *Jones*, 336 F.3d at 252. Although Wilder did present evidence from his prior attorney to the effect that "[h]is case really wasn't that

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291.

bad," and that the attorney would not have advised him to plead if he had known that Wilder would be classified as a career offender, Wilder did not offer any evidence beyond his own statements to show that he was innocent of the charges. The mere allegation that he waived his constitutional rights based entirely on his prior counsel's advice is not enough to explain why his position changed so drastically. *Jones*, 336 F.3d at 253.

With respect to the second factor, Wilder asserts that a compelling reason for withdrawal of his guilty plea is that his Sixth Amendment right to effective counsel was violated. The two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Dooley v. Petsock*, 816 F.2d 885, 889 (3d Cir. 1987). Thus, in order to prevail, Wilder must show that his attorney's conduct fell below an objective standard of reasonable competence under prevailing norms, and that there is a reasonable probability that, but for the error, the outcome in his case would have been different. *Strickland*, 466 U.S. at 687-88, 694. Wilder has not met this standard. As explained in *Hill v. Lockhart*, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Wilder presented no evidence apart from his attorney's assertion that his case was not "that bad" to demonstrate a reasonable probability that he would have gone to trial

4

had he been provided with accurate information regarding his career offender status. This lone assertion is insufficient to establish prejudice. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995) ("A defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial."); *see also United States v. Kauffman*, 109 F.3d 186, 191 (3d Cir. 1997) (defendant needs to present evidence "sufficient to undermine our confidence that [the attorney] would have advised his client to plead guilty rather than proceed to trial and that [the defendant] would have accepted that advice").

Moreover, this court has held that where the record is "replete with evidence of petitioner's guilt," he is unable to show that there is a reasonable probability that but for his counsel's errors the result of the proceeding would have been different. *United States v. Nino*, 878 F.2d 101, 105 (3d Cir. 1989). The evidence proffered by the government at Wilder's guilty plea was that during a drug conspiracy investigation, agents intercepted numerous calls between Wilder and his coconspirator regarding heroin transactions, confirmed the completion of a deal between the two, and conducted a stop of Wilder's vehicle shortly thereafter. The vehicle stop uncovered 125 bricks of heroin and a 9mm semi-automatic handgun. Wilder later admitted to police that his coconspirator had given him both the drugs and the gun, for which he was indebted to his coconspirator for $4,500. He also stated that he had previously obtained additional bricks of heroin from the same coconspirator. Wilder clearly exercised control over both the heroin and the

firearm, and he has not articulated a defense beyond his own assertions of innocence. Thus, we conclude that Wilder has failed to show a reasonable probability that but for his counsel's errors, the outcome of the proceeding would have been different. *Id.*

The third factor is not contested in this case. The government conceded at oral argument before the District Court that it was not asserting prejudice.

The District Court carefully considered and balanced each of the three *Jones* factors for withdrawal of a guilty plea. Based on the evidence presented at the withdrawal motion hearing and the relevant case law, it is clear that Wilder failed to present a fair and just reason to withdraw his pleas, and the District Court did not abuse its discretion in denying the motion. For the foregoing reasons, we will affirm the judgment of the District Court.