

Villanova University School of Law

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2007

# Powell v. Meyers

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2211

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Powell v. Meyers" (2007). *2007 Decisions.* Paper 1753.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1753

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 04-2211

———————

KEVIN POWELL,
Appellant

v.

ROBERT W. MEYERS; THE DISTRICT
ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

———————

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-03667)
District Judge:  Hon. John P. Fullam

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2007

BEFORE:  McKEE, AMBRO and STAPLETON,
Circuit Judges

(Opinion Filed January 24, 2007)

———————

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Kevin Powell sought a writ of habeas corpus in the District Court asserting that his nolo contendere plea in state court was induced by inaccurate statements of the law and that he received ineffective assistance of counsel during the plea hearing. The District Court declined to grant habeas relief, and this timely appeal followed. We will affirm.

We have grave doubts about whether Powell's wrongful inducement challenge to his plea was fairly presented to the state courts as a federal constitutional claim. It was understandably not regarded as such by those courts.[1] Both claims arise out of the same event, however, and our resolution of the ineffective assistance of counsel claim resolves the "induced plea" claim as well. Under those circumstances, we will exercise our prerogative to resolve both claims on their merits. 23 U.S.C. § 2254(b)(2); *Bronshtein v. Horn*, 404 F.3d 700, 725 & 728 (3d Cir. 2005).

At the outset of the plea hearing, defense counsel stated in open court that Powell's

---

[1] The Pennsylvania Superior Court rejected the "induced plea" claim on the ground that Powell had failed to "make an assertion of his innocence," as required by 42 Pa. Con. Stat. Ann. § 9543(a)(2)(iii).

2

sentence would *not* run concurrently with any back-time sentences imposed by the State Parole Board for parole violations, which is an entirely accurate statement of Pennsylvania law. Although the trial court responded that "I will make it concurrent to everything, and then they [i.e., the State Parole Board] will make a [determination] whether it's concurrent to any back time," App. at 108, defense counsel thereafter made it clear to Powell on the record that he should "not expect" his sentence to run concurrent to any back-time sentences imposed by the State Parole Board. *Id.* While the comments of the trial court (including several other remarks during the course of the plea colloquy), as qualified by defense counsel's admonition to Powell, may have given Powell the misimpression that there was at least a chance that the State Parole Board would impose a concurrent back-time sentence, that misimpression would not provide a basis for habeas relief under the circumstances of this case.

## I. Ineffective Assistance of Counsel

The two-part test enunciated in *Strickland v. Washington*, 446 U.S. 668 (1984), applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Thus, Powell is required to show that his attorney's conduct fell below an objective standard of reasonable competence under prevailing norms, and that there is a reasonable probability that, but for the error, the outcome of his case would have been different. As explained in *Hill*, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for

3

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

## A. Performance

There is no doubt that plea counsel's first statement to the trial court ("if he should be serving back time now, or later he gets back time, that [the instant sentence is] not concurrent to back time") was an entirely accurate statement of the applicable law. After the court responded that it would make Powell's sentence "concurrent to everything and then they will make a [determination] whether it's concurrent to any back time," however, plea counsel slightly retreated from her initial position by stating that "so if it works out in his favor that's great, but he is being told now not to expect that." App. at 108. While Powell contends that plea counsel's response revealed that she was "unaware" of the governing law, we disagree. Reading plea counsel's two statements together, it is clear that she did not believe, based on her actual knowledge of the law, that the State Parole Board would impose a concurrent back-time sentence, but simply saw no reason to completely foreclose that possibility, however remote she believed it was, by insisting that the trial court make Powell's sentence consecutive to any back-time sentences. The problem here arose not from counsel's ignorance of the law, but rather from the court's misimpression regarding it. Given the delicate situation with which counsel was confronted, we believe she handled the situation reasonably well. After accurately advising the court regarding the applicable law, she did not challenge the court when it

4

suggested the possibility of concurrent sentences. Far from positively assuring or guaranteeing this result, however, plea counsel affirmatively stated that it was her belief (and, indeed, part of the "offer . . . that [Powell] would be accepting," App. at 108) that such sentences would not be concurrent and further admonished Powell not to expect a contrary determination by the State Parole Board. We agree with the PCRA Court and the District Court that Powell has not rebutted the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance under *Strickland*.

## B. Prejudice

Although the state courts disposed of Powell's ineffectiveness claim on performance grounds, we conclude that it falls short of satisfying *Strickland*'s second element as well. "A defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial." *Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995).

Powell does not even assert in his brief on this appeal that he would have insisted on going to trial had he known that it was legally impossible for his back-time sentence to be served concurrently with his instant sentence. Rather, he states only that "counsel's deficient performance prejudiced [him] . . . [because he] was sentenced to an additional period of incarceration that he thought he had the opportunity to avoid." Appellant Br. at 21. This is not surprising. Overwhelming evidence of Powell's guilt was proffered at

5

the plea hearing, *see* App. at 113. *See United States v. Nino*, 878 F.2d 101, 105 (3d Cir. 1989) (finding no prejudice under *Strickland* where "the record . . . is replete with evidence of petitioner's guilt"). Moreover, Powell knew that the charges to which he pleaded nolo contendere could result in a very substantial penalty; the record shows that Powell was advised of, and understood, the maximum sentences for robbery and his other offenses. *See* App. at 109-10. Given his knowledge (1) that his plea would expose him to such serious punishment, (2) that trial did not offer a realistic way out, and (3) that the chance of concurrent sentences was not to be expected, it would be highly unlikely that elimination of the possibility of such sentences would play a determinative role in Powell's plea decision.

There is also no suggestion in the record that Powell's nolo contendere plea was in any way conditioned on the remote possibility that his back-time sentence would run concurrently with his instant sentence. Instead, it shows that Powell's only hesitation in entering his plea related to the payment of restitution and court costs. *See* App. at 114 ([DEFENSE COUNSEL]: "My client is saying that . . . the condition of his plea is that he get in writing today a form now in which . . . you will indicate that . . . the court costs and any restitution which you would impose would not be payable until he is released from custody. Is that what you were asking me? [DEFENDANT]: Yes. [THE COURT]: Okay. That will be done. We will get a short certificate which states that."); *see Hill*, 474 U.S. at 59 (rejecting prejudice argument where petitioner "alleged no special circumstances

6

that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty"); *Parry*, 64 F.3d at 118 (finding no prejudice where, among other things, "[t]he record [did] not substantiate that Parry was reluctant to plead guilty . . . ."). Under these circumstances, there is no absolutely no reason to believe that, but for the alleged errors by his plea counsel, Powell would have pleaded not guilty and insisted on going to trial.

## II.  Induced Plea

Any misimpression about there being some possibility of concurrent sentences cannot be said to have "induced" Powell's plea unless there was a causal connection between the plea and that possibility – i.e., unless knowledge of the absence of such a possibility would have resulted in his going to trial. *See Clemmons v. United States*, 721 F.2d 235, 238 (8th Cir. 1983) (although the court mistakenly advised petitioner that it had the power to impose concurrent sentences, his involuntary plea claim failed because the mistaken advice was not "a substantial motivating factor as far as Clemmons was concerned"). As we have explained, Powell entered his plea knowing that his sentence would very likely run consecutively to any back-time sentences, and he does not claim before us that he would have acted differently had he known that possibility was non-existent rather than remote.

## III.  Conclusion

The judgment of the District Court will be affirmed.

7