

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2008

# Clarita Stewart v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2710

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Clarita Stewart v. USA" (2008). *2008 Decisions.* Paper 144.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/144

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-43                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2710
_____

CLARITA M. STEWART,
Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Civil No. 06-00182)
District Judge:  Honorable Curtis V. Gomez

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2008

Before:  RENDELL, HARDIMAN and NYGAARD, Circuit Judges.

(Filed: December 8, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Clarita Stewart appeals from an order of the United States District Court for the

District of the Virgin Islands denying her petition for a writ of coram nobis.  We will

summarily affirm the District Court's order because the appeal presents no substantial

question.  3d Cir. LAR 27.4 and I.O.P. 10.6.

Stewart pled guilty to and was convicted of violating 18 U.S.C. § 911—false claim to United States citizenship—after entering into a plea agreement that dismissed accompanying charges of identify theft and fraud and misuse of a document.  On January 20, 2006, Stewart was sentenced to two months in prison and one year of supervised release.

The charges against Stewart arose from an incident at the St. Thomas, Virgin Islands airport, where she told a U.S. Customs and Border Protection Agent that she was born on St. Thomas and that she was a U.S. citizen.  She also presented an officer with a U.S. Virgin Islands driver's license indicating that she was born on St. Thomas.  Stewart's fingerprints were taken and run through a government database, which showed that she was a citizen of St. Lucia, West Indies and that she was a U.S. Legal Permanent Resident.  She was then arrested for misrepresenting herself as a U.S. citizen.

Stewart did not file a direct appeal or a motion under 28 U.S.C. § 2255.  Rather, on October 17, 2006, she filed a petition for writ of error coram nobis,[1] arguing that her guilty plea was involuntary and unknowing because counsel was ineffective for failing to advise her that falsely claiming to be a citizen was a deportable offense.  She did not argue that she was innocent, asserting instead that her attorney should have negotiated a plea agreement in which she pled guilty to the identity theft and misuse of a document

---

[1]	Stewart filed an amended petition on March 5, 2007.

charges in return for dismissal of the charge of false claim to citizenship.

The District Court correctly denied Stewart's petition. A writ of error coram nobis is an "extraordinary remedy" used "to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." United States v. Stoneman, 870 F.2d 102, 105-06 (3d Cir. 1989). To succeed on such a petition, the petitioner must show that a fundamental error occurred for which "there was no remedy at the time of trial and where 'sound reasons' exist for failing to seek relief earlier." Id. at 106.

Stewart failed to establish a fundamental error in her plea proceeding that would justify granting the writ. She claims that her attorney provided ineffective assistance of counsel because he did not inform her that the charge she pled guilty to was a deportable charge. Further, she asserts that her attorney should have negotiated a plea that allowed her to plead guilty to the charges of identify theft and fraud and misuse of a document, rather than misrepresentation of herself as a citizen. We have previously held that ineffective assistance of counsel may constitute the kind of fundamental defect in a conviction that is necessary to obtain a writ of error coram nobis. United States v. Rad-O-Lite of Phila., Inc., 612 F.2d 740, 744 (3d Cir. 1979). Stewart has not, however, satisfied the standard for ineffective assistance laid out in Strickland v. Washington, 466 U.S. 668 (1984).

In order to succeed on an ineffective assistance claim, the appellant must show

3

"(1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." Carpenter v. Vaughn, 296 F.3d 138, 149 (3d Cir. 2002) (internal citation omitted). However, it is undecided whether an error in advising a client as to the effect of the plea on future immigration proceedings constitutes an unreasonable representation under Strickland. See United States v. Nino, 878 F.2d 101, 105 (3d Cir. 1989). It is unnecessary to decide that issue in this case because, as the District Court determined, Stewart has not met Strickland's prejudice prong.

To establish prejudice under Strickland in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Here, Stewart does not claim that she would have gone to trial on the charge to which she pled guilty. And she does not claim to be innocent of the charge.[2] Rather, she asserts only that her attorney should have negotiated a different plea agreement that allowed for the dismissal of the false claim to citizenship charge. Such a claim does not establish the prejudice necessary to make out an ineffective

---

[2] At Stewart's change-of-plea hearing she agreed that the government could prove that, although she was a Legal Permanent Resident, she represented to a customs officer that she was a U.S. Citizen. To be guilty under 18 U.S.C. § 911, a person must knowingly and willingly make a false claim or statement that he is a U.S. citizen to someone with good reason to inquire into his citizenship status. U.S. v. Karaouni, 379 F.3d 1139, 1142 (9th Cir. 2004) (noting that the term "willful" means "voluntary and deliberate").

4

assistance claim, and the District Court correctly determined that Stewart's petition must fail.

For these reasons, we will summarily affirm the District Court's order entered on May 12, 2008.  <u>See</u> 3d Cir. LAR 27.4 and I.O.P. 10.6.