CHAGARES,
concurring in part and dissenting in part.
I join the majority’s opinion as to section III, parts A, B, and C, but I cannot join section III, part D (“Was Mr. Orocio prejudiced by his plea counsel’s ineffectiveness?”). In particular, I disagree with my learned colleagues that Padilla v. Kentucky, 559 U.S.-, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) compels the conclusion that our jurisprudence originating in United States v. Nino, 878 F.2d 101 (3d Cir.1989) “is no longer good law.” Majority Op. 644. I believe our jurisprudence remains fully intact and I therefore x-espectfully dissent. I also disagree with the majority as to its conclusion and judgment.
I.
A.
We have recognized the principle that “[o]ur Coui't makes every effort to maintain a consistent body of jurisprudence,” United States v. Tann, 577 F.3d 533, 541 (3d Cir.2009), and we will follow our prior precedential opinions unless our Court, sitting en banc, reconsiders an opinion, see Third Circuit Internal Operating Procedure 9.1. In addition, “[a]s an inferior court in the federal hierarchy, we are, of course, compelled to apply the law announced by the Supreme Court as we find it on the date of our decision.” United States v. City of Phila., 644 F.2d 187, 192 n. 3 (3d Cir.1980).
We have admonished, however, that if “there has been no determinative ruling by the Supreme Court on [a] question, we are bound by [our prior opinions].” Brown v. United States, 508 F.2d 618, 625 (3d Cir.1974). Our sister courts of appeals have similarly required that in the absence of a clear Supreme Court determination, courts of appeals should follow their own prior opinions. See, e.g., Rosas-Castaneda v. Holder, 630 F.3d 881, 887 (9th Cir.2011) (noting a Supreme Court decision must be “clearly irreconcilable” with a prior court of appeals decision to overrule the decision) (quotation marks and citation omitted); Awuah v. Coverall N. Am., Inc., 554 F.3d 7, 11 (1st Cir.2009) (“Given that the Supreme Court has not clearly spoken, the interests of predictability are served by respecting our own prior language.... ”); Garrett v. Univ. of Ala. at Birmingham Bd. of Trs., 344 F.3d 1288, 1292 (11th Cir.2003) (“While an intervening decision of the Supreme Court can overrule a decision of a prior panel of our court, the Supreme Court decision must be clearly on point.”); United States v. Stone, 306 F.3d 241, 243 (5th Cir.2002) (holding “a clear contrary statement from the Supreme Court” will compel a court of appeals to depart from a prior decision); Public Serv. Co. ofN.M. v. Gen. Elec. Co., 315 F.2d 306, 310 n. 6 (10th Cir.1963) (holding lower federal courts must apply “clear, direct, explicit, and unqualified statements] of the Supreme Court”). Accordingly, “[o]bedience to a Supreme Court decision *648 is one thing, [but] extrapolating from its implications a holding on an issue that was not before that Court in order to upend settled circuit precedent law is another thing.” Main Drug, Inc. v. Aetna U.S. Healthcare, Inc., 475 F.3d 1228, 1230 (11th Cir.2007).
B.
Turning to the applicable law, the majority correctly notes that the Supreme Court in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) set forth the standard for analyzing the “prejudice” prong in challenges to guilty pleas based on ineffective assistance of counsel. In Hill, the Court held that, to meet the prejudice prong, “the defendant must show there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Id. at 59, 106 S.Ct. 366. “This assessment, in turn, will depend in large part on a prediction whether the [errors] likely would have changed the outcome of a trial.” Id. The Court in Hill further explained that courts may examine whether the defendant “likely would have succeeded at trial,” Hill, 474 U.S. at 59, 106 S.Ct. 366, and observed that “these predictions of the outcome of a possible trial, where necessary, should be made objectively ..id. at 59-60, 106 S.Ct. 366 (citing Strickland v. Washington, 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
Subsequent to Hill, this Court decided United States v. Nino, 878 F.2d at 105-06. In Nino, we considered a claim that petitioner’s plea counsel was ineffective and that petitioner’s conviction should be overturned because his plea counsel failed to advise him regarding the deportation consequences of his guilty plea. Importantly, we noted that the record was “replete with evidence of petitioner’s guilt.” Id. at 105. We held that petitioner could not “show that there [was] a reasonable probability that but for any error committed by his counsel the outcome of the proceeding would have been different,” because “we conclude[d] that even had petitioner been advised of the deportation consequences of his guilty plea, he would have pled guilty anyway or, had he not done so, [would have] been found guilty after trial.” Id. Later decisions in this circuit have similarly analyzed whether a petitioner would have been found guilty or even asserted his or her factual innocence, in considering the prejudice prong.
The majority concludes that this line of our jurisprudence “is no longer good law” based upon a single line in Padilla. Although the Supreme Court in Padilla did not consider whether the petitioner had established prejudice, it mentioned that “[s]urmounting Strickland’s high bar is never an easy task.” 130 S.Ct. at 1485. The Court followed that statement with the line relied upon by the majority: “to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.” Id.
This is certainly not the type of clear, direct, explicit, and contrary ruling by the Supreme Court that would justify abandoning our jurisprudence in this area. The Supreme Court’s statement in Padilla is general and unremarkable and is consistent with its holding in Hill. The statement says nothing specific, particularly about the evidence to be reviewed in making a determination. Accordingly, I cannot agree that our jurisprudence originating in Nino is no longer good law.
My conclusion is supported by a more recent Supreme Court decision, Premo v. Moore, — U.S. -, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011). Like the present *649 case, Hill, and Nino, Premo presented the issue of whether the allegedly inadequate assistance of plea counsel prejudiced a petitioner who entered into a plea agreement. The Court in Premo explicitly recognized that Hill set forth the proper standard to resolve this issue. Id. at 743, 745.
In reaching its determination that no prejudice had been shown, the Premo Court looked to the evidence and noted that it was “formidable.” Id. at 744; see also id. at 745 (“[T]he evidence against [the petitioner] was strong.”). Further, and importantly, the Court specifically recognized that the petitioner did not deny committing the crimes charged. Id. The Court concluded by observing:
Hindsight and second guesses are [] inappropriate, and often more so, where a plea has been entered without a full trial.... The added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance. Counsel, too, faced that uncertainty. There is a most substantial burden on the claimant to show ineffective assistance. The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases ... where witnesses and evidence were not presented in the first place. The substantial burden to show ineffective assistance of counsel, the burden the claimant must meet to avoid the plea, has not been met in this case.
Id. at 745^46. Accordingly, although I believe that the Premo decision supports our jurisprudence, at a minimum, it demonstrates that our jurisprudence has not been clearly, directly, and explicitly overruled.
II.
Turning to the facts of this case, the District Court found that Orocio “has not disputed the. accuracy of the underlying facts giving rise to his guilty plea” and the parties do not contest that that finding is not clearly erroneous. Appendix (“App.”) 12.[1] In addition, as in Premo, Orocio does not deny the charges against him; indeed, at oral argument before this Court, counsel conceded Orocio’s guilt. Further, according to the Government, Orocio faced a mandatory minimum sentence of ten years on his drug trafficking charge. Plea counsel negotiated what was clearly an extremely favorable plea agreement for Orocio and, following his guilty plea, he was sentenced to time served (six months) and two years of supervised release. See App. 43-44.
Under these circumstances, including Orocio’s failure to assert his factual innocence and the lenity of the Government’s plea offer, I conclude that Orocio has not met his substantial burden of demonstrating a reasonable probability that the result of the proceeding would have been different. Accordingly, I believe Orocio failed to establish the prejudice prong of Strickland and I would affirm the District Court’s order denying Orocio’s petition for a writ of error coram nobis.

. I agree with the majority that a "guilty plea does not end the Hill inquiry.” Majority Op. 645. I further agree that prejudice cannot be presumed in this case and that Orocio must establish actual prejudice to prevail. Majority Op. 642-43.