**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 02-2708

HECTOR ESCUDERO-APONTE,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

Joseph C. Laws, Jr. on Memorandum of Law in Support of
Application for Certificate of Appealability for petitioner.

May 22, 2003

**Per Curiam.** Petitioner Hector Escudero-Aponte ultimately seeks to appeal from the district court's rejection on the merits of his ineffective assistance of counsel claims, presented in a motion pursuant to 28 U.S.C. § 2255. However, his present request is for a certificate of appealability ("COA") to appeal from the denial of his Fed.R.Civ.P. 60(b)(6) motion. Specifically, petitioner sought and was denied permission under Fed.R.App.P. 4(a)(6) to reopen the time to appeal from denial of his § 2255 motion. Petitioner filed a motion for reconsideration of that denial pursuant to Fed.R.Civ.P. 60(b)(6). Petitioner is presently seeking to appeal from the denial of that motion to reconsider.

I. The COA Standard

Under 28 U.S.C. § 2253(c), a COA may issue only upon the "substantial showing of the denial of a constitutional right." Although petitioner is currently seeking a COA to appeal from a procedural ruling, the district court's denial of his § 2255 motion rejected his constitutional claims on the merits. Therefore, § 2253(c) requires petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 485 (2000).[1]

---

[1] Because petitioner clearly cannot satisfy the merits prong of the COA standard, we need not address the procedural prong. That prong is complicated in this case by the two levels of procedural rulings, under Fed.R.Civ.P. 60(b) and Fed.R.App.P. 4(a)(6). In the Rule 4(a)(6) context, the Second Circuit has

## II. Ineffective Assistance of Counsel Claims

"A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (quoting Strickland v. Washington, 466 U.S. 668 (1984)). That test applies to petitioner's claim that counsel was ineffective for failing to file a notice of appeal. Id. at 477. It also applies to petitioner's claim of ineffective assistance based upon counsel's failure to file a motion under former Fed.R.Crim.P. 35(b). See United States v. Nino, 878 F.2d 101, 104 (3d Cir. 1989).

Where, as in this case, the district court dismisses § 2255 claims without holding an evidentiary hearing, "we take as true the sworn allegations of fact set forth in the petition unless those allegations are merely conclusory, contradicted by the record, or inherently incredible." Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002). Petitioner's § 2255 motion and accompanying statement allege that immediately after sentencing, petitioner and members of his family asked counsel to file a motion for reconsideration of the sentence. It is further alleged by

developed a standard for satisfying § 2253(c), which might be adaptable to the slightly different procedural context in which this appeal arises. See Eltayib v. United States, 294 F.3d 347, 400 (2d Cir. 2002). However, we need not resolve that issue here.

petitioner that counsel responded that in his view such a motion would not be successful. The motion was not filed. Although it is alleged that counsel failed to file a notice of appeal, there is no specific allegation that petitioner requested counsel to file an appeal, or even that petitioner desired to appeal his sentence.

A. Failure to File Rule 35(b) Motion

Petitioner pled guilty to a crime committed in 1986, before the applicable date of the Sentencing Reform Act (November 1, 1987).[2] Therefore, the former version of Fed.R.Crim.P. 35(b) applied, which provided as follows:

> (b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal.

Former Rule 35(b). "[F]ormer Rule 35(b) conferred virtually unfettered discretion on sentencing courts." United States v. Angiulo, 57 F.3d 38, 41 n.3 (1st Cir. 1995).

"No court has held that failure to file . . . a motion [pursuant to former Rule 35(b)] *automatically* constitutes ineffective assistance of counsel." Shraiar v. United States, 736

---

[2] The 1987 amendment limited the ground for Rule 35(b) relief to "substantial assistance in the investigation or prosecution of another person who has committed an offense," added a "government motion" requirement and extended the time for filing such motion. See United States v. McAndrews, 12 F.3d 273, 279 (1st Cir. 1993).

-4-

F.2d 817, 818 (1st Cir. 1984).  Courts have held that "where counsel's promise to file such a motion is followed by counsel's failure to file it, the court should look further into the matter." Id.; see United States v. Golden, 854 F.3d 31, 32 (3d Cir. 1988); United States v. Ackerman, 619 F.2d 285, 288 (3d Cir. 1980). Petitioner has not alleged that his counsel promised to file a Rule 35(b) motion.  To the contrary, he alleged that his attorney responded to his request by stating his opinion that such a motion would not be successful.  The failure to file a Rule 35(b) motion under these circumstances does not fall below an objective standard of reasonableness. See Shraiar, 736 F.2d at 818.

Even if petitioner had alleged facts sufficient to satisfy the first prong of the Strickland test, he has not alleged facts to support a finding of prejudice.  Judge Fusté, who presided at petitioner's sentencing, determined in his denial of the § 2255 motion that petitioner failed to "show[] that there was a reasonable probability that his sentence would have been reduced had Attorney Mendez-Lebron filed a timely Rule 35(b) motion."  The court gave detailed reasons why petitioner was in a "different position from his co-defendants" and stated that the reduction of their sentences was no indication that petitioner's Rule 35(b) motion would have been successful.  Accordingly, petitioner has failed to show that he was prejudiced by counsel's failure to file a Rule 35(b) motion.  See United States v. Nino, 878 F.2d 101, 105

-5-

(3d Cir. 1989)(holding that second <u>Strickland</u> prong was not satisfied where "district judge who considered the habeas corpus motion also was the sentencing judge to whom a Rule 35(b) motion would have been submitted, and he conclusively stated in his opinion that had a Rule 35(b) motion been submitted to him, he would not have granted it"); <u>Voytik</u> v. <u>United States</u>, 778 F.2d 1306, 1310 (8th Cir. 1985)(same). It does not appear that jurists of reason would find the district court's summary dismissal of this ineffective assistance of counsel claim to be debatable or wrong.[3]

B. <u>Failure to File Notice of Appeal</u>

Petitioner's § 2255 motion and accompanying statement fail to allege that he specifically requested counsel to file a notice of appeal. The Supreme Court has applied the following standard to such claims of ineffective assistance of counsel:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether

---

[3] Some courts have held that because failure to file a Rule 35(b) motion does not call into question the judgment and sentence, § 2255 cannot supply a remedy. <u>See</u> <u>United States</u> v. <u>Hill</u>, 826 F.2d 507, 509 (7th Cir. 1987). Anticipating that the district court might so rule, petitioner sought alternative relief pursuant to the writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651 (1982). <u>See</u> <u>Golden</u>, 854 F.2d at 32. Because neither party has challenged the district court's assumption that § 2255 could supply a remedy if ineffective assistance of counsel had been established, the question of whether the writ of coram nobis could provide an alternative remedy is moot.

> counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning - advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.

Flores-Ortega, 528 U.S. at 478-79.

In the response by petitioner's former counsel to the district court's order that counsel give reasons for failing to file a notice of appeal and Rule 35(b) motion, counsel stated that 1) in his professional judgment there were no grounds for a successful appeal, and 2) that it would be better to try to negotiate a plea agreement in the parallel state proceedings. Counsel further stated that petitioner "agreed with this course of action, and never instructed the undersigned to file an appeal in the federal case." The district court, relying upon this statement by counsel, found that "Petitioner and his counsel made a conscious decision to pursue state-court negotiations in lieu of an appeal." Accordingly, the district court found that the failure to file a notice of appeal did not constitute ineffective assistance of counsel.

Counsel's statement did not contradict any specific allegations by petitioner in his § 2255 motion or his accompanying statement. Therefore, the district court did not err in relying upon that statement to determine whether the failure to file a notice of appeal fell below an objective standard of

-7-

reasonableness. Based upon the uncontradicted statement of the attorney, it appears that counsel "consulted" with petitioner about taking an appeal, within the meaning of Flores-Ortega, supra. Under such circumstances, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Flores-Ortega, 528 U.S. at 478. Petitioner has not alleged that counsel failed to follow his express instructions to file an appeal. Therefore, we conclude that jurists of reason would not find the district court's assessment of this ineffective assistance of counsel claim debatable or wrong.

The request for a COA is denied. Petitioner's appeal from the denial of his Rule 60(b)(6) motion is terminated.