BESOSA, District Judge.
Before the Court is Petitioner Toribio Rojas-Medina ("Rojas")'s motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. section 2255 (" section 2255"). (Docket No. 1.) Rojas challenges the sentence this Court imposed in Criminal No. 15-718 (FAB), asserting that defense counsel Israel Alicea-Luciano ("Alicea") was ineffective in assisting him, in violation of the Sixth Amendment of the United States Constitution. Id. The United States responded, requesting that the Court hold an evidentiary hearing to address the factual assertions set forth in Rojas's section 2255 motion. (Docket No. 9.) The Court referred the matter to Magistrate Judge Bruce J. McGiverin. (Docket No. 2.)
Following an evidentiary hearing, the magistrate judge issued a Report and Recommendation ("R & R"), recommending that the Court grant Rojas's section 2255 motion. (Docket No. 33.) The United States objected to the R & R, and Rojas responded. (Docket Nos. 34 & 36.)
For the reasons set forth below, the Court rejects the magistrate judge's R & R, and DENIES Rojas's motion to vacate, set aside, or correct his sentence pursuant to section 2255. (Docket Nos. 1 & 33.)
I. Standard of Review
A district court may refer a pending dispositive motion to a magistrate judge for a R & R. See 28 U.S.C. § 636(b)(1)(B) ; Fed. R. Civ. P. 72(b) ; Loc. R. 72(a). Any party may file written objections to the R & R; a party that files timely objections is entitled to a de novo determination of those portions of the report to which specific objection is made. 28 U.S.C. § 636(b)(1) ; Loc. R. 72(d). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) ; accord Loc. R. 72(d).
The United States objected to all portions of the magistrate judge's R & R. (Docket No. 34.) Accordingly, the Court conducts a de novo review.
II. Factual Background[1]
A federal grand jury returned a three-count indictment against Rojas, charging *148 him with bringing in and harboring aliens in violation of 8 U.S.C. section 1324(a)(1)(A)(i), reentry of a removed alien in violation of 8 U.S.C. section 1326(b)(1), and failure to heave-to a vessel in violation of 18 U.S.C. section 2237(a)(1). (Criminal Docket No. 6.) Magistrate Judge Camille Velez-Rive appointed Alicea to represent Rojas. Subsequently, Rojas and the United States entered into a plea agreement. (Criminal Docket No. 26.)
A. The Plea Agreement
Pursuant to the plea agreement, Rojas pled guilty to the reentry of a removed alien charge. Id. The United States and Rojas adopted a joint sentence recommendation. Id. at p. 3. The plea agreement, however, stipulated that Rojas's sentence remained subject to the "sound discretion of the sentencing judge." Id. at p. 2. The parties "reserved the right to recommend a sentence at the lower end of the applicable Guideline Sentencing Range for a total offense level of 21 when combined with defendant's criminal history category as determined by the Court." Id. at p. 3. The parties made no stipulation as to Rojas's criminal history category. Id. at p. 4.
Pursuant to the plea agreement, Rojas could request that his sentence run concurrently with any pending state revocation sentence. Id. Furthermore, the United States would not oppose Rojas's request for a downward departure pursuant to U.S.S.G. section 4A1.3 because his criminal history purportedly overrepresented the seriousness of his criminal conduct. Id. The sentencing guidelines calculation table set forth the sentence ranges for criminal history categories I through VI, with a range of 57 to 71 months for criminal history category IV, and a range of 70 to 87 months for criminal history category V. Id.
Significantly, the plea agreement contains a waiver of appeal clause. Rojas "waiv[ed] the right to appeal the judgment and sentence" provided that the Court "sentence [Rojas] in accordance with the terms and conditions set forth in the Sentence Recommendation provision of the plea agreement."[2] Id. at p. 4.
B. Change of Plea Hearing
At the change of plea hearing, Rojas and Alicea both affirmed to the Court that they discussed the indictment and the plea agreement with each other.[3] (Criminal Docket No. 49 at p. 10.) Rojas asserted that he understood the terms of the plea agreement, including the provision providing that the Court could "impose a sentence on [Rojas] that is either more or less severe than any sentence [Rojas] may anticipate, or even the sentence being recommended in the plea agreement." Id. at p. 11. With regard to the appeal waiver, the Court stated to Rojas and Rojas answered:
The Court: Do you understand that if I do sentence you according to the terms, *149 conditions and representations contained in the plea agreement, you waive and surrender your right to appeal your sentence and the judgment in the case?
Rojas: Yes.
Id. at p. 11. Furthermore, the Court confirmed with Rojas that "sentencing within the sentencing guidelines is a matter for the Court to decide." Id. at p. 14. The Court is satisfied that Rojas understood and consented to the plea agreement, including the appeal waiver.
C. Sentencing Hearing
In Rojas's sentencing memorandum, and at sentencing, Alicea requested a downward departure pursuant to U.S.S.G. section 4A1.3 and a sentence of 46 months according to an offense level of 21 in conjunction with criminal history category III. (Criminal Docket No. 33 at pp. 7-9; Docket No. 45 at p. 5.) The United States complied with the plea agreement by recommending a sentence at the lower end of the applicable sentence guideline range. (Criminal Docket No. 45 at p. 7.)
At sentencing, the Court corrected a miscalculation in the Pre-Sentence Instigation Report regarding Rojas's criminal history.[4] Id. at p. 3. The Court applied a criminal history category of V, exposing Rojas to a sentence between 70 and 87 months. Id. at p. 9. The Court imposed a sentence of 70 months to run consecutively with any sentence on revocation. Id. at p. 12. Despite the waiver of appeal clause in the plea agreement, the Court informed Rojas that if he wished to file an appeal, he must do so within 14 days of judgment. Id. The Court entered judgment on May 13, 2016.[5] The record reflects that no appeal was subsequently filed.
The same day as the sentencing hearing, Alicea filed a motion for reconsideration on Rojas's behalf.[6] (Criminal Docket No. 37.) In the motion for reconsideration, Rojas repeated the arguments set forth at the sentencing hearing. Id. According to Alicea, the sentence imposed by the Court was "extremely harsh" and "greater than necessary to fulfill the purposes *150 of sentencing under U.S.S.G. Section 3553(a)." (Criminal Docket No. 37 at pp. 2 & 3.) The Court denied the motion to reconsider, holding that "[c]ontrary to what the Probation Officer may suggest in the PSR, the Court specifically found that defendant Rojas' criminal history was not overrepresented." (Criminal Docket No. 38.)
III. The Section 2255 Motion
Two months after sentence and judgment, Rojas submitted a handwritten letter dated July 18, 2016. (Criminal Docket No. 40). In the letter, Rojas requested a copy of the docket sheet to review "certain information" regarding an appeal.[7] Id. at p. 1.
Rojas filed the section 2255 motion on September 15, 2016. (Criminal Docket No. 42.) Section 2255 permits a "prisoner in federal custody" to "petition the sentencing court to vacate, set aside or correct the sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States." Conley v. United States, 323 F.3d 7, 22 (1st Cir. 2003) ; 28 U.S.C. § 2255.
Rojas requests that the Court grant him a certificate of appealability pursuant to 28 U.C.C. section 2253(c)(2) ("section 2253"), permitting Rojas to appeal a denial of his 2255 motion to the First Circuit Court of Appeals.[8] (Civil Docket No. 31 at p. 11.) According to Rojas, a certificate of appealability is appropriate because the issues presented by the section 2255 are debatable among reasonable jurists. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (certificate of appealability is justified when the petitioner "demonstrate[s] that reasonable jurists would find the courts assessment of the constitutional claims debatable or wrong"). The Court concurs with Rojas on this ground.
Rojas premises his section 2255 claim on a purported violation of the Sixth Amendment. The Sixth Amendment of the United States Constitution provides that in all criminal prosecutions "the accused shall enjoy the right to a speedy and public trial [...]" U.S. CONST. amend VI. According to Rojas, he received ineffective assistance of counsel because his attorney failed to file a notice of appeal. In the current legal landscape, reasonable jurists would disagree regarding the merits of Rojas's Sixth Amendment claim.
Because the Court proceeds to address the merits of Rojas's section 2255 motion, the Court may only certify an appeal if: (1) the issues are datable among jurists of reason, (2) the court could resolve issues in a different manner, or (3) the legal question presented is "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) ; Garcia-Parra v. Administracion De Correccion, No. 13-1144 (FAB), 2015 WL 1186418, 2015 U.S. Dist. LEXIS 32071 (D.P.R. Mar. 16, 2015) (Besosa, J.). Section 2253(, as amended by the Anti-Terrorism and Effective *151 Death Penalty Act of 1996, provides that "[a] certificate of appealability may issue [...] only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
Ineffective Assistance of Counsel Standard
To prevail on a section 2255 motion, defendants must demonstrate ineffective assistance by this counsel by a preponderance of the evidence. Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). An ineffective assistance of counsel claim for failure to file a notice of appeal is governed by the principles set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) ; Escudero-Aponte v. United States, 65 Fed. Appx. 333, 335 (1st Cir. 2003). Movants must establish that: (1) counsel's performance "fell below an objective standard of reasonableness," and (2) that this deficient performance prejudiced defendant. Id. at 476, 120 S.Ct. 1029. In relation to the first element, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 688-89, 104 S.Ct. 2052. To demonstrate prejudice, courts "require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed." Flores-Ortega, 528 U.S. at 486, 120 S.Ct. 1029. Defendants shoulder a "very heavy burden" in moving to vacate, set aside or correct a sentence. See Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996).
Adjudication of section 2255 motions predicated on a failure to file an appeal hinges on the interaction between counsel and defendant. The disposition of motions asserting failure to file an appeal fall within a spectrum. On one extreme, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Flores-Ortega, 528 U.S. at 477, 120 S.Ct. 1029. Accordingly, a presumption of prejudice arises when an attorney disregards his or her client's explicit request to appeal. Id. at 483, 120 S.Ct. 1029. The Supreme Court emphasized that "failure [to file an appeal notice] cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task." Id. Conversely, a defendant who instructs defense counsel not to pursue an appeal cannot subsequently assert an ineffective assistance of counsel on this basis. Id. at 477, 120 S.Ct. 1029 ; see Keys v. United States, 545 F.3d 644, 647 (8th Cir. 2008) (rejecting defendant's Sixth Amendment claim based on counsel's failure to file an appeal because defendant instructed counsel not to appeal).
In the absence of an express instruction to appeal, courts address whether the case-specific circumstances resulted in a duty to consult. Strickland, 466 U.S. at 668, 104 S.Ct. 2052 ("The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."). A duty to consult attaches only when: (1) a "rational defendant would want to appeal" because, for example, there are non-frivolous grounds for an appeal, or (2) when the defendant "reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480, 120 S.Ct. 1029. Rojas's subjective intent is irrelevant. See Rogers v. United States, No.03-650, 2006 WL 448914, *3, 2006 U.S. Dist. LEXIS 9470, *3 (W.D. Wash. Feb. 22, 2006) ("although Petitioner notes that there is evidence in the record suggesting Petitioner subjectively wished to appeal, the ultimate inquiry under Flores-Ortega is whether Petitioner reasonably demonstrated a desire to file an appeal").
*152 A. Circuit Split Regarding the Applicability of Flores Ortega
The Supreme Court in Flores-Ortega analyzed an ineffective assistance of counsel claim concerning counsel's purported failure to file a notice of appeal.[9] 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Unlike Rojas, the defendant in Flores-Ortega retained his right to an appeal. Id. at 488, 120 S.Ct. 1029 n.1 (Souter, J., concurring in part, dissenting in part) ("[T]here is no claim here that Flores-Ortega waived his right to appeal as part of his plea agreement."). The circuit courts of appeal remain divided concerning the applicability of Flores-Ortega to cases in which the defendant waived the right to appeal.
The majority view dictates that Flores-Ortega controls regardless of an appeal waiver. See Campusano v. United States, 442 F.3d 770 (2d Cir. 2006) (Sotomayor, J.); United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007) ("These cases recognize, as we do, that most successful § 2255 movants in the appeal waiver situation obtain little more than an opportunity to lose at a later date"); United States v. Tapp, 491 F.3d 263 (5th Cir. 2007) ; Campbell v. United States, 686 F.3d 353 (6th Cir. 2012) ; Witthar v. United States, 793 F.3d 920 (8th Cir. 2015) ; United States v. Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005) ; United States v. Garrett, 402 F.3d 1262, 1265-66 (10th Cir. 2005) ("[A]llowing the defendant to proceed in spite of unpersuasive pro se arguments is not a matter of formalistic compliance with a technical rule merely postponing the inevitable denial of relief on the merits," rather, "it serves to safeguard[ ] important interests."); Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005).
The minority view, however, holds that waivers of appeal render Flores-Ortega inapposite. See Nuñez v. United States, 546 F.3d 450, 452-56 (7th Cir. 2008) (holding that Flores-Ortega"presumes that the defendant has contested the charges; when a defendant not only pleads guilty but also waives the right to appeal, it is hard to classify the absence of appeal as the lawyer taking a vacation"); United States v. Mabry, 536 F.3d 231, 239-42 (3rd Cir. 2008) (declining to apply Flores-Ortega's presumption of prejudice where defendant waived his right to appeal pursuant to a plea agreement).
The First Circuit Court of Appeals has not addressed whether Flores-Ortega is authoritative in cases involving appeal waivers. District courts within the First Circuit are divided. A number of district courts adopt the minority view, holding that "the better approach [...] is to first review the waiver of appeal provisions in the plea agreement to determine whether the waivers are enforceable, and if so, as they are here, to then consider the ineffective assistance claim." Gringeri v. United States, No. 15-281, 2015 WL 9272874, 2015 U.S. Dist. LEXIS 166192 (D.N.H. Dec. 18, 2015) ("It is highly doubtful that counsel's failure to note an appeal given that [appeal] waiver, could constitute ineffective assistance"); Agosto v. United States, No. 0410336, 2012 WL 3062777, 2012 U.S. Dist. LEXIS 103868 (D. Mass. July 25, 2012) (adopting the minority view and noting *153 that "[t]he First Circuit is the only circuit court not to have opined on the issue"). Other district courts apply Flores-Ortega despite the existence of an appeal waiver. See Feliciano-Torres v. United States, No. 071998, 2011 WL 1362599, *2, 2011 U.S. Dist. LEXIS 37923, *5 (D.P.R. Mar. 31, 2011) (Perez-Gimenez, J.); Castro v. United States, No. 06-393. 2007 U.S. Dist. LEXIS 61857 *4 (D.R.I. Aug. 21, 2007) (applying the Flores-Ortega analysis after defendant "waived his right to an appeal in the Plea Agreement"). Although Rojas's section 2255 motion fails pursuant to the minority analysis, he sets forth potentially valid arguments pursuant to the majority analysis.
III. Discussion
A. Minority Analysis
Rojas's section 2255 motion fails pursuant to the minority analysis. Flores-Ortega is distinguishable because Rojas waived his right to appeal. See Granger v. United States, No. 11139, 2013 U.S. Dist. LEXIS 148955 *20 (D. Me. Sept. 4, 2013) ("[Flores-Ortega] is distinguishable because it was not a case in which the defendant had waived his right to appeal"). Rojas received a sentence in accordance with the plea agreement: "[H]e got what he bargained for." Siragusa-De Jesus v. United States, No. 131281, 2013 WL 4045747, *2, 2013 U.S. Dist. LEXIS 112714, *5 (D.P.R. Aug. 7, 2013) (Fuste, J.) (holding that defendant's "unhappiness with the 84-month" sentence was not a valid objection to his sentence) (internal citation omitted). An appeal of Rojas's sentence would be futile and meritless. See United States v. Tola, No. 09-083, 2012 U.S. Dist. LEXIS 76204 (D.R.I. May 31, 2012) ("even if counsel was somehow deficient in failing [to file an appeal], there was no prejudice to Tola, given the appeal waiver provision the plea agreement and the lack of a viable appellate issue").
Accordingly, Rojas cannot satisfy the prejudice prong of Strickland in light of his attorney's alleged failure to file a notice of appeal.[10] Agosto v. United States, No. 0410336, 2012 U.S. Dist. LEXIS 103841 (D. Mass. May 11, 2012) ("having concluded that that the waiver contained in the plea agreement are enforceable [...] the Court shall recommend that Agosto's claim that his counsel was ineffective in failing to file a notice of appeal be denied"); United States v. Falcon, No. 07-147, 2011 WL 777852, 2011 U.S. Dist. LEXIS 19578 (D.R.I. Feb. 28, 2011) ("the presumption of prejudice espoused in Flores-Ortega, 528 U.S. at 480, 120 S.Ct. 1029, does not apply to Falcon's ineffective assistance of counsel claim in this case, given the full and complete colloquy conducted by this Court and the appeal waiver provision signed by Falcon"). The Sixth Amendment cannot sustain Rojas's 2255 motion pursuant the minority analysis.
B. Majority Analysis
The disposition of Rojas's section 2255 motion is debatable pursuant the majority analysis. The Court referred this matter to the magistrate judge for an evidentiary hearing regarding the threshold question in this matter: whether Rojas requested Alicea to appeal. Rojas first claimed that he unequivocally instructed Alicea to file an appeal. (Civil Docket No. 1 Ex. 1 at p. 7.) Were this statement true, Alicea would *154 have acted unreasonably pursuant to Flores-Ortega. 528 U.S. at 475, 120 S.Ct. 1029. Rojas, however, retracted this allegation. Neither Alicea nor Rojas assert that Rojas directed Alicea to file a notice of appeal. (Civil Docket No. 31; Docket No. 32.) In the absence of an explicit request to file a notice of appeal, the Court must examine preliminarily whether Alicia possessed a duty to consult Rojas "about the advantages and disadvantages of taking an appeal, and making a reasonable effect to discover [Rojas's] wishes." Flores-Ortega, 528 U.S. at 477, 120 S.Ct. 1029.
1. Duty to Consult
Although the most prudent course for defense counsel is to consult every defendant regarding an appeal, there is no constitutional requirement that counsel do so. Id. at 470, 120 S.Ct. 1029. A duty to consult attaches when: (1) "a rational defendant would want to appeal," or (2) when the "particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. Courts examine the "circumstance-specific reasonableness" of counsel's behavior based on "all the information counsel knew or should have known." Id. at 477, 479, 120 S.Ct. 1029 ; United States v. Crowe, No. 08-038, 2012 WL 1486766, *5, 2012 U.S. Dist. LEXIS 59046, *13 (D.R.I. Feb. 2. 2012) (holding that "defense counsel's failure to specifically consult with Defendant regarding his appeal rights under these particular and unique facts was not constitutionally deficient representation"). "Highly relevant" factors include whether: (1) a guilty plea or trial preceded conviction, (2) whether the defendant received a sentence consistent with a plea agreement, and (3) whether the defendant waived an appeal. Flores-Ortega, 528 U.S. at 479, 120 S.Ct. 1029. The Supreme Court recognized that fewer appealable issues arise from a guilty plea than from a trial. Id. Furthermore, a guilty plea indicates that the defendant seeks an end to the criminal prosecution. Id.
a. No Rational Defendant Would Wish to Appeal the Sentence Imposed on Rojas by this Court
No reasonable defendant in Rojas's position would seek to file a notice of appeal. The R & R provides an incomplete analysis of the section 2255 motion pursuant to Flores-Ortega. (Civil Docket No. 33 at p. 7.) Rojas's testimony at the evidentiary hearing predominates the magistrate's analysis. Id. at pp. 7 & 8. The factors set forth in Flores-Ortega, however, should serve as the basis for determining whether a rational defendant would seek an appeal.
Every factor set forth in Flores-Ortega reinforces the Court's denial of Rojas's section 2255 motion. Rojas's conviction resulted from a guilty plea, not a trial. (Criminal No. 15-718, Docket No. 35.) By pleading guilty, Rojas demonstrated a desire to conclude Criminal Case No. 15-718. Because Rojas relinquished his right to a trial, fewer issues remain susceptible to review on appeal. Moreover, Rojas received a sentence consistent with the plea agreement. Rojas has failed to identify non-frivolous grounds for an appeal. The Court disagrees with the magistrate judge's finding that:
Rojas may have a [sic] non-frivolous grounds to appeal his conviction because although he signed a plea agreement with a very broad waiver of his right to appeal, he may still be able to appeal the consecutive sentence and the lack of a downward departure as [the magistrate judge] could not find any First Circuit precedent directly addressing this issue based on the language of the Plea Agreement at issue.
*155 (Civil Docket 33 at p. 12.) The "lack of a downward departure" and "consecutive sentence" are immaterial to the section 2255 motion.[11]
Any challenge to the sentence that this Court imposed on Rojas is frivolous. Rojas received a 70-month sentence, which is the lowest sentence within the guideline range for a total offense level of 21 and a criminal history category of V. (Criminal Docket No. 26 at p. 3.) Rojas's negotiations with the United States resulted in a plea agreement. Id. The plea agreement explicitly identified 70 months as within the range of possible sentences. Id. The Court imposed a sentence commensurate with the parties' recommendation for a "sentence at the lower end of the applicable Guideline Sentencing Range." Id. Rojas pled guilty with the understanding that the Court would determine the applicable criminal history category. Rojas and the United States concurred that Rojas could "request" and "argue for" a concurrent sentence and a downward departure. Id. The Court considered Rojas's arguments regarding the concurrent sentence and downward departure requests, but retained the discretion to reject these arguments. A concurrent sentence and a downward departure were recommendations, not entitlements.[12] Indeed, Rojas "received the sentence bargained for as part of the plea." Flores-Ortega, 528 U.S. at 479, 120 S.Ct. 1029.
The final Flores-Ortega factor instructs the Court to determine whether the defendant waived his or her right to appeal. The plea agreement adopted by the United States and Rojas contained an expansive appeal waiver. The plea agreement and the Court's explanations of the appeal waiver at the change of plea hearing and at sentencing were unequivocal. Rojas waived the right to appeal contingent on a sentence rendered in accordance with the plea agreement. Rojas received a sentence congruent with the plea agreement. Consequently, the Court has no reason to disregard the appeal waiver.
Notably, the circumstances of this case mirror a hypothetical situation presented by the Supreme Court in Flores-Ortega:
For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence, the defendant expresses satisfaction and pleads guilty; the court sentences defendant to 2 year's imprisonment as expected and informs the defendant of his appeal rights the defendant does not express any interest in appealing, and counsel concludes that there are not non-frivolous grounds for appeal.
528 U.S. at 479, 120 S.Ct. 1029. In this instance, the Supreme Court would refrain from finding that counsel's representation was deficient. Id. After considering the Flores-Ortega factors in the context of *156 this case, the Court holds that no reasonable person would seek an appeal.
b. Rojas Possibly Showed an Interest in Filing a Notice of an Appeal
Sufficient evidence exists, however, establishing the possibility that "Rojas reasonably demonstrated an interest in [an appeal]." (Civil Docket No. 33 at p. 11.) Rojas and Alicea conferred with each other immediately after the sentencing hearing. (Civil Docket No. 37 at p. 8.) The gravamen of Rojas's argument hinges on this brief interaction. According to Rojas, the dissatisfaction he conveyed to Alicea regarding the 70-month sentence reasonably demonstrated an interest in an appeal. Id. at p. 5. The interest Rojas exhibited in filing an appeal, he contends, prompted a duty to consult. Id. The Court finds that the allegations set forth by Rojas present "issues [that] are debatable among jurists of reason." Smith v. United States, 989 F.Supp. 371, 374 (D. Mass. 1997) (quoting Barefoot v. Estelle, 463 U.S. at 893 n.4, 103 S.Ct. 3383 (1983) ). As evidenced by the divisive precedent among sister circuits and within the First Circuit, the Court finds that reasonable jurists may arrive a different conclusions concerning Rojas's section 2255 motion. Id.
1. The Post-Sentencing Meeting Between Rojas and Alicea
Rojas and Alicea provide similar accounts of what transpired after the sentencing hearing. Rojas remained detained. (Civil Docket No. 37 at p. 8.) Alicea immediately reconvened with Rojas in the courthouse cellblock. Id. Rojas questioned Alicea about the severity of his sentence. Id. According to Rojas, he informed Alicea that he "wanted to appeal because the sentence was too high." Id. Alicea advised Rojas that the sentence could not be appealed. Id. Rojas testified that he again expressed an interest in challenging the sentence. Id. In Rojas's narrative, Alicea responded that only an appeal pursuant to section 2255 remained available to Rojas. Id.
Alicea confirmed that he and Rojas discussed the sentence. According to Alicea, he explained the appeal waiver to Rojas. Id. at p. 21. Despite the appeal waiver, Alicea offered to file a notice of appeal "if [Rojas thought there was anything that could be appealed, that [Rojas] had fourteen days and he had to inform [Alicea] so [Alicea] could file something." Id. at p. 21. Alicea discussed with Rojas a possible motion to reconsider the sentence. Id. at p. 37. The meeting concluded, however, without an agreement that Alicea would file the motion for reconsideration. Id. Alicea received no further communication from Rojas or his family regarding an appeal. Id. at 22. The meeting between Rojas and Alicea spanned no more than two minutes. Id.
Rojas anticipated the motion for reconsideration prior to the sentencing hearing. Rojas understood that "[Alicea] would be able to request a lesser sentence," and that "[Alicea] was going to put in like a motion to have [his] sentence reconsidered, a letter." (Civil Docket No. 37 at p. 7.) Alicea did so, filing a motion for reconsideration the same day as the sentencing hearing. (Criminal Docket No. 37.) Consequently, the Court remains dubious that Rojas was in fact dismayed at the motion for reconsideration. Moreover, Rojas exhibited confusion between an appeal and a motion for reconsideration. Id. at p. 10. Rojas alleged that the "motion to reduce the sentence that [he] had asked [Alicea] to make" was missing from the docket sheet. Id. The motion for reconsideration, however, immediately followed the entry of judgement and the sentencing hearing minute entry on the docket. (Criminal Docket No. 37.) During his direct-examination, Rojas referred *157 only to an appeal when his attorney, Franco Lorenzo Perez-Redondo ("Perez"), prompted Rojas to do so with a leading question:
Perez: I'm sorry. You mentioned that you did not see a motion. Would that be a notice of appeal?
AUSA Mainon Schwartz: Objection, Your Honor.
Judge McGiverin: Sustained.
Perez: Could you please describe for us what you did not see in the docket.
ASUA Mainon Schwartz: Objection.
Judge McGiverin: Overruled.
Rojas: The appeal, my appeal, that he did not appeal the sentence. When I was sentenced, I wanted to appeal the sentence.
(Civil Docket No. 37 at pp. 10-11.) On cross-examination, Rojas once more testified that he was upset at the missing motion to reduce to his sentence. Id. at p. 13. Rojas conflates a notice of appeal with a motion for reconsideration. His testimony from the evidentiary hearing served only to obfuscate the Court's determination of whether Rojas reasonably demonstrated an interest in an appeal.
The Court finds that Rojas potentially demonstrated an interest in appealing his sentence. Rojas and Alicea discussed the appeal waiver repeatedly before sentencing. (Civil Docket No. 37 at p. 16.) The Court informed Rojas about the appeal waiver at the change of plea hearing and at sentencing. Criminal Docket No. 45 at p. 13; Criminal Docket No. 49 at p. 11; See United States v. Gonzalez, No. 12110, 2015 WL 541001, *1, 2015 U.S. Dist. LEXIS 15957, *2 (D.R.I. Feb. 10, 2015) ("It defies logic that seconds after the Court reminded Gonzalez that he had waived his right to appeal, Gonzalez requested his attorney to file such a notice of appeal, and his attorney agreed to do so").
Alicea filed a motion for reconsideration, requesting that the Court reduce Rojas's sentence by 13 months. (Criminal Docket No. 37 at p. 3.) Filing a notice of appeal is a far less demanding endeavor, requiring that Alicea complete a "purely ministerial task that imposes no great burden on counsel." Flores-Ortega, 528 U.S. at 474, 120 S.Ct. 1029. Had Rojas instructed Alicea to appeal, or displayed an interest in an appeal, Alicea could have filed a notice of appeal with minimal effort.
The United States claims that Rojas's ispe dixit reasoning is unconvincing. (Civil Docket No. 34.) The only basis supporting Rojas's section 2255 motion, the United States argues, are his own assertions: He demonstrated an interest in appealing his sentence because he claims he did. No rational person in Rojas's position would pursue an appeal. Id. The Court finds, however, that Rojas made a substantial showing of the denial of his Sixth Amendment right to effective assistance of counsel. Accordingly, Rojas's ineffective assistance of counsel claim warrants further review.
IV. CONCLUSION
For the reasons set forth above, the Court rejects the magistrate judge's R & R, (Civil Docket No. 37), and DENIES Rojas's motion to vacate, set aside, or correct his sentence. (Civil Docket Nos. 1 & 33.)
Judgment shall be entered accordingly.
Rojas has made a substantial showing of the denial of his Sixth Amendment right to effective assistance of counsel. He has "show[n] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' "
*158 Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003), quoting Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). A certificate of appealability from the denial of his section 2255 motion shall issue. 28 U.S.C. § 2253(c)(2), (3).
IT IS SO ORDERED.

In all subsequent citations, the word "criminal" will refer to Criminal No. 15-718. The word "civil" will refer to Civil No. 16-2670.

An appeal waiver is presumptively valid when: (1) the plea agreement clearly sets forth the appeal waiver, (2) the district court specifically questions the defendant about his or her "understanding of the waiver provision and adequately inform[s] [him or her] of its ramifications" and (3) the appeal waiver will not affect a miscarriage of justice. United States v. Chandler, 534 F.3d 45, 49 (1st Cir. 2008). Rojas contests only the sentence imposed by this Court, not the validity of the appeal waiver or that the Court miscalculated his sentencing range.

Rojas is fluent only in Spanish. Before the change of plea hearing, Alicea translated the plea agreement from English to Spanish to insure that Rojas understood the document's provisions. (Civil Docket No. 37 at p. 16.) Alicea and Rojas initialed every page of the plea agreement. Id. at p. 17.

In United States v. Bentacourt-Perez, the First Circuit Court of Appeals considered an appeal waiver identical to the waiver in this case. 833 F.3d 18 (1st Cir. 2016). The defendant in Bentacourt-Perez contested the appeal waiver because the trial judge disregarded the Pre-Sentence Investigation Report's erroneous calculations. Id. at 21. Instead, the trial judge applied the correctly calculated guideline range consistent with the plea agreement. Id. The First Circuit Court of Appeals upheld the appeal waiver: "That the district judge arrived at the ultimate 168-month (14-year) sentence by way of a different (more correct) arithmetic than Betancourt-Perez would have preferred does not invalidate the appeal waiver." Id. at 23.

The Court dismissed counts one and three of the indictment. (Criminal Docket No. 36.)

Rojas underscores that Alicea's motion for reconsideration "runs afoul of the law," noting that the Federal Rules of Criminal Procedure "disavowed" motions for reconsideration. (Civil Docket No. 36 at p. 7.) During the evidentiary hearing, Rojas's counsel repeatedly questioned Alicea regarding the lack of citations to the Federal Rules of Criminal Procedure in his motion for reconsideration. (Civil Docket No. 37 at p. 25.) Indeed, the Sentencing Reform Act of 1984 eliminated the common law practice of motions for reconsideration. 18 U.S.C. § 3582(c) ; United States v. Griffin, 524 F.3d 71, 83 (1st Cir. 2008). This statute provides, however, that the district court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by [...] Rule 35 of the Federal Rules of Criminal Procedure ("Rule 35")." 18 U.S.C. § 3582(c)(1)(B). When defense counsel fails to identify the statutory source for motions to reconsider, courts defer to Federal Rule of Criminal Procedure 35. United States v. Gonzalez-Rodriguez, 777 F.3d 37, 40 (1st Cir. 2015). That Alicea employed a relic of the common law without citing to the Federal Rules of Criminal Procedure does little to impugn his performance as defense counsel.

In his section 2255 motion, Rojas wrote that "after numerous attempts in trying to contact Alicea-Luciano, via mail and telephone calls, I wrote the District Court a letter to obtain a Court docket." (Civil Docket No. 1 Ex. 1 at p. 1.) At the evidentiary hearing, however, Rojas testified that his family contacted Alicea on his behalf to request the docket sheet. (Civil Docket No. 37 at p. 9.) Alicea subsequently provided Rojas with a docket sheet. Id.

Pursuant to First Circuit Court of Appeals Interim Local Rule 22.1, "[a] petitioner wishing to appeal from the denial of a § 2254 or § 2255 petitioner must file a timely notice of appeal and should promptly apply to the district court for a certificate of appealability.' " Interim Loc. R. 22.1(b).

Flores-Oretga abrogated the First Circuit Court of Appeals' decision in United States v. Tajeddini, 945 F.2d 458 (1st Cir. 1991). The Tajeddini court ruled that an attorney who failed to file a notice of appeal was per se ineffective. 945 F.2d at 468. The Supreme Court rejected this bright-line rule "as inconsistent with Strickland's holding that 'the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." 528 U.S. at 478, 120 S.Ct. 1029 (quoting Strickland, 466 U.S. at 688, 104 S.Ct. 2052 ).

Because Rojas cannot demonstrate prejudice, the Court need not consider whether Alicea's performance was objectively unreasonable. See United States v. LaBonte, 70 F.3d 1396, 1413-14 (1st Cir. 1995) ("[A] failure of proof on either prong of the Strickland test defeats an ineffective-assistance-of-counsel claim."), rev'd on other grounds, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997).

Rojas adopts the magistrate court's reasoning in his response to the United State's objection to the R & R. (Civil Docket No. 36 at p. 6 n. 3.) Rojas contemplates an appeal based on his unsuccessful requests for a downward departure and a concurrent sentence. Id. The Court deems this argument unavailing for the same reasons that the magistrate court's analysis is misguided.

Rojas and the United States entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). (Criminal Docket No. 26.) Accordingly, Rojas and the United States agreed "to recommend or agree not to oppose [Rojas's] request, that a particular sentence or sentencing range is appropriate." Fed. R. Crim. P. 11(c)(1)(B). The Court duly exercised its discretion in sentencing Rojas. Contra Fed. R. Crim. P. 11(c)(1)(C) ; United States v. Rivera-Martinez, 665 F.3d 344, 345 (1st Cir. 2011) ("Such a vehicle-a so-called C-type plea agreement-allows the parties to bind the district court to a pre-agreed sentence if the court accepts the plea").